UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

ANDREA ARROYO,

    Plaintiff,

vs.

NEXUS SERVICES OF VIRGINIA,
INC., a foreign corporation

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, **NEXUS SERVICES OF VIRGINIA, INC.** (hereinafter "Defendant"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 (a), 1446, and 1331 hereby files this Notice of Removal of this action to the United States District Court for the Southern District of Florida. The removal of this action is premised upon the following:

    1.    Plaintiff, Andrea Arroyo (hereinafter "Plaintiff"), filed this action against Defendant in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No.: CACE-19-024229 (the "State Court Action). A copy of all process, pleadings, and documents served on Defendant is attached as **Exhibit A** and are incorporated herein by reference.[1]

    2.    Plaintiff's Complaint alleges causes of action under the Family and Medical Leave Act 29 U.S.C. 2601 *et seq.* ("FMLA"), Fair Labor Standards Act 29 U.S.C. § 201 *et seq.* ("FLSA"),

---

[1] By removing this case, Defendant is not waiving any of its defenses that it has to Plaintiff's claims.

1

and Employee Retirement Income Security Act of 1974 29 U.S.C. § 1001 *et seq.* ("ERISA") (Counts I–V).

3. Pursuant to U.S.C. § 1331, the district courts shall have original jurisdiction of all civil actions arising under the laws of the United States. Additionally, pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4. Thus, this Court has original jurisdiction over Plaintiff's claims arising under the FLSA, FMLA, and ERISA, and this action is therefore removable under 28 U.S.C. § 1441 (a) and (c).

5. In addition to alleging federal causes of action, Plaintiff's Complaint asserts state law claims for breach of contract, quantum meruit, and unjust enrichment (Counts VI–VIII).

6. Pursuant to 28 U.S.C. § 1441(c), whenever a separate and independent claim or cause of action within the jurisdiction conferred by Section 1331 is jointed with one or more otherwise non-removable claims or causes of action, the entire case may be removed, and the district court may determine all issues therein. Pursuant to 28 U.S.C. § 1367, this Court has supplement jurisdiction over all other claims that are so related to claims in the action within its original jurisdiction that form part of the same case or controversy. *Bellsouth Telecomm., Inc. v. MCImetro Access Transmission Servs., Inc.*, 317 F.3d 1270 (11th Cir. 2003).

7. As such, this Court has supplemental jurisdiction over Plaintiff's claims because they arise out of nearly the same set of facts as her FLSA claim.

8.    Defendant has a location in Broward County, Florida. *See* Exhibit A, ¶ 4. Thus, venue may properly lie in the United States District Court for the Southern District of Florida, Fort Lauderdale Division. *See* 28 U.S.C. § 1391(b).

9.    On November 25, 2019, Defendant was served with the Complaint. This Notice of Removal is being filed on December 20, 2019. Thus, this Notice of Removal is being timely filed within thirty days after Defendant was served with process. *See* 28 U.S.C. § 1446(b).

10.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court, Seventeenth Judicial Circuit, in and for Broward County, Florida. A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit B**.

11.    Defendant has complied with all of the requirements for removal under Title 28 of the United States Code, and this Court has jurisdiction over all the parties, and its territorial jurisdiction embraces the place where the state court action is pending.

12.    By filing this Notice of Removal, Defendant does not admit any of the averments in Plaintiff's Complaint, or waive any defense, and expressly reserve any objections as to service and personal jurisdiction.

WHEREFORE, Defendant hereby request the removal of this action from the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward Dade County, Florida, to the United States District Court for the Southern District of Florida.

Dated: **December 20, 2019**            Respectfully submitted,

/s/Suhaill M. Morales
Suhaill M. Morales
Florida Bar No. 084448
smorales@anblaw.com
Steven D. Reardon
Florida Bar No. 1003515

sreardon@anblaw.com
**Allen, Norton & Blue, P.A.**
121 Majorca Avenue, Suite 300
Coral Gables, FL 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via electronic mail, on this **20th day of December 2019**, upon:

Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 188239
pmh@rgpattorneys.com
Nathaly Saavedra, Esq.
Florida Bar No.: 118315
Ns@rgpattorneys.com
Daniel J. Bujan, Esq.
Florida Bar No.: 1017943
Dbujan@rgpattorneys.com
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
Counsel for Plaintiff

                                                  s/Suhaill M. Morales
                                                  Attorney