Filing # 99357584 E-Filed 11/22/2019 04:54:37 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

ANDREA ARROYO,

CASE NO.: CACE-19-024229

       Plaintiff,

vs.

NEXUS SERVICES OF VIRGINIA,
INC., a foreign corporation

       Defendant,

_____/

MC
#1055
12/2/19
10:40a

## SUMMONS IN A CIVIL CASE

TO: NEXUS SERVICES OF VIRGINIA, INC., through its Registered Agent:

      INCORP SERVICES, INC.
      17888 67TH COURTH NORTH
      LOXAHATCHEE, FL 33470

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

      PETER M. HOOGERWOERD,
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET
      SUITE 2200
      MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK                                               DATE        NOV 26 2019

(BY) DEPUTY CLERK
BRENDA D. FORMAN

**EXHIBIT A**

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 11/22/2019 04:54:35 PM.****

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

ANDREA ARROYO, on behalf of herself
and all others similarly situated,

    Plaintiff,

vs.

Case No. CACE-19-024229

NEXUS SERVICES OF VIRGINIA,
INC., a foreign corporation

    Defendant,

## COMPLAINT
[Opt in pursuant to § 216(B)]

Plaintiff, Andrea Arroyo, on behalf of herself and all others similarly situated ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, NEXUS SERVICES OF VIRGINIA, INC. ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for unpaid commissions and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), violation of the Family and Medical Leave Act ("FMLA"), violations under the Employee Retirement Income Security Act of 1974 ("ERISA"), and for breach of contract, quantum meruit, and unjust enrichment.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Wildomar, California. Plaintiff traveled frequently to Florida to perform her job

duties.

4. Venue is proper in Broward County because Defendant conducted and continues to conduct business in Broward County, Florida. Defendant has fifteen (15) different office locations nationwide, including one office in Broward County, Florida. Defendant advertises this office to the general public on its website and is authorized to do business in Florida.

5. Defendant employs fifty (50) or more employees within a seventy-five (75) mile radius for each working day during each of the twenty (20) or more calendar-work weeks in the current or proceeding calendar year.

6. While employed by Defendant, Plaintiff flew across the county on business for the company, including to the company's headquarters in Virginia, which has more than fifty (50) employees.

7. Plaintiff was employed for at least twelve (12) months by Defendant and has worked at least 1,250 hours in the twelve (12) months.

8. Plaintiff has retained the undersigned counsel in order that Plaintiff's rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

9. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff is a non-exempt covered employee for purposes of the FLSA as Defendant employed Plaintiff in a manner whereby Plaintiff individually affected interstate commerce, and or Defendant has gross revenue exceeding $500,000 for all relevant periods, triggering enterprise coverage under the FLSA.

12. Plaintiff performed work for Defendant from January 2014 until February 2017. During this time Plaintiff worked as a case manager, a West Coast Regional Manager, and as an auditor.

13. Plaintiff was paid a weekly salary plus any commissions she earned.

14. Defendant is in possession of Plaintiff's payment history, salary, withholdings, working hours and is otherwise on notice of Plaintiff's claims for amounts owed.

15. During the period from March 2015 to June 2016 Plaintiff worked as the West Coast Regional Manager. Plaintiff worked 60-65 hours per week during her time as regional manager.

16. Though Plaintiff's position was titled as a "manager", Plaintiff at no point had powers to hire or fire employees, nor were Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employee given particular weight. Additionally, Plaintiff continued to do the work of her prior position as a case manager while in her Manager role.

17. Throughout her time as the West Coast Regional Manager, Plaintiff earned a salary and also was entitled to receive commissions.

18. During this time, Plaintiff repeatedly asked her supervisor, David See, for payment

of her commissions and was told that she should submit a request for them. However, Defendants at the time had no form or system in place for employees to submit such a request.

19. Not until around June 2016 did Defendants create a form for employees to submit commission requests.

20. As a result of this failure, Plaintiff is now owed sixteen-thousand dollars ($16,000) in commissions that she earned during her time as West Coast Regional Manager.

21. The following year, while employed by Defendant as an auditor, Plaintiff requested leave for a personal injury that she suffered when she pulled a muscle in late January 2017.

22. Plaintiff was never offered to take leave pursuant to the FMLA, although she was eligible and entitled due to Plaintiff's status as a covered employee.

23. While on leave, Plaintiff was made aware that Defendant had not been paying her insurance premiums when she was required to pay for her doctor visits out of pocket.

24. From the beginning of her employment with Defendant, two-hundred ($200) dollars had been deducted per week from Plaintiff's check to pay for her insurance premiums and 401(k).

25. When Plaintiff realized that the money was being deducted from her check but not being used to pay her insurance and fund her 401(k), she immediately contacted Richard Moore ("Mr. Moore"), the co-owner of Libre by Nexus (Defendant). Plaintiff advised Mr. Moore that they were not paying for her health insurance nor for her 401(k).

26. Because of Defendants failure to pay Plaintiff's insurance premiums, Plaintiff has

accumulated over ten-thousand ($10,000) dollars in hospital bills.

27. It was after this complaint to management that Plaintiff began to be accused of coercing other employees to resign, was followed on multiple occasions by Defendant, and was even recorded by Defendant without her consent in violation of California Penal Code § 632.

28. Following this, while on approved medical leave, Plaintiff was terminated due to the fact that she had complained to management regarding nonpayment of wages, insurance premiums, 401(k), and in retaliation for taking medical leave.

29. Any reason proffered by Defendant for the adverse employment action is a mere pretext for unlawful discrimination and retaliation.

30. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected.

## COUNT I
### *Interference with Rights under the FMLA*

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 above as if set out in full herein.

32. Plaintiff is an individual entitled to protection under the FMLA.

33. Plaintiff is an employee within the meaning of the FMLA.

34. Plaintiff engaged in protected activity within the meaning of FMLA.

35. Defendant's actions interfered with Plaintiff's lawful exercise of FMLA rights.

36. Defendant's action constitute violations of the FMLA.

37. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest and amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to this position at the rate of pay and with the full benefits she would have had had she not been discriminated against by Defendant, or in lieu of reinstatement, award his front pay;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation under the FMLA*

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 above as if set out in full herein.

39. Plaintiff is an individual entitled to protection under the FMLA.

40. Plaintiff is an employee within the meaning of the FMLA.

41. Plaintiff engaged in protected activity within the meaning of the FMLA.

42. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

43. Defendant's actions constitute a violation of the FMLA.

44. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Wage & Hour Federal Statutory Violation*

45. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 of this complaint as if set out in full herein.

46. This action is brought by Plaintiff to recover from Defendant unpaid commissions, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

47. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

48. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

49. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

50. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

51. Plaintiff seeks to recover for unpaid wages accumulated from her time working as West Coast Regional Manager, on or about March 2015 through June 2016.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid commissions

for work completed, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *FLSA Retaliation*

52. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 of this complaint as if set out in full herein.

53. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

54. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

55. The motivating factors that caused Plaintiff's termination as described above was Plaintiff's complaints regarding Defendant' refusal to pay her commissions and retaliation for taking medical leave.

56. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Violation of ERISA*

57. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 30, above as if set out in full herein.

58. ERISA § 502(a)(1)(B) provides the causes of action by which participants and beneficiaries can challenge benefit claims and denials. 29 U.S.C. § 1132(a)(1)(B).

59. ERISA § 510 provides that, "It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit

plan...or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan...."

60. Plaintiff is a participant or beneficiary as defined in 29 U.S.C. § 1002 *et seq.*, and is a protected individual under ERISA §510.

61. Plaintiff participated in an employee benefit plan as defined in 29 U.S.C. § 1002 (3) *et seq...* Furthermore, the employee benefits plan(s) was established or maintained by the employer and/or employee organizations engaged in commerce or in any industry affecting commerce.

62. The employee benefit plan in which Plaintiff participated in does not fall within the exceptions provided by 29 U.S.C. §§ 1003 (b) and (c).

63. Defendant subjected Plaintiff to adverse employment action and/or disparate treatment for the purpose of interfering with and/ or depriving Plaintiff's rights and/or benefits under ERISA.

64. Plaintiff suffered damages as a result of Defendant's adverse employment action and/or disparate treatment, to wit the deprivation of Plaintiff's retirement and/or health benefits plan.

65. By the conduct described above, Defendant has engaged in interference and/or discrimination against Plaintiff, to wit Defendant terminated Plaintiff in advance of the vesting of employee benefit plans with the intent to avoid contributing and or paying out the employee benefit plans, specifically Plaintiff's retirement and/or health benefits plan.

66. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that interference

on Plaintiff's employee benefit plan was unlawful but acted in reckless disregard of the law.

67. At all times material hereto, the employees exhibiting adverse actions towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

68. Defendant retained all employees who exhibited adverse actions toward the Plaintiff and did so despite the knowledge of said employees engaging in adverse actions.

69. As a result of Defendant's adverse actions, as alleged herein, Plaintiff has been deprived of rights and is entitled to relief.

70. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent adverse employment action against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

71. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ERISA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against

    by Defendant, or in lieu of reinstatement, award front pay;

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## Count VI
### *Breach of Agreement*

72. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 of this complaint as if set out in full herein.

73. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, by not properly paying Plaintiff commissions and wages for all hours worked in violation of the laws of the United States and the State of Florida, and for failing to pay Plaintiff's insurance and retirement benefits.

74. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

**WHEREFORE**, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT VII
### *Quantum Meruit*

75. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 of this complaint as if set out in full herein.

76. Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

77. Defendant has knowledge of the services performed and provided and the benefit provided by Plaintiff.

78. Defendant accepted Plaintiff's services to Defendant.

79. Defendant retains an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

80. Plaintiff seeks damages under quantum meruit that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

**WHEREFORE,** Plaintiff seeks a judgment under quantum meruit for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT VIII
*Unjust Enrichment*

81. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 30 of this complaint as if set out in full herein.

82. Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendant.

83. Defendant has knowledge of the services performed and provided by Plaintiff.

84. Defendant voluntarily accepted the services performed and provided by Plaintiff.

85. Defendant unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

86. Plaintiff seeks damages for the value of the work performed to Defendant.

**WHEREFORE,** Plaintiff seeks a judgment for unjust enrichment against Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: November 21, 2019

Respectfully submitted,

/s/ *Daniel J.Bujan Esq.*

Peter M. Hoogerwoerd, Esq.
Florida Bar No.:188239
pmh@rgpattorneys.com
Nathaly Saavedra, Esq.
Florida Bar No. 118315
Ns@rgpattorneys.com
Daniel J. Bujan, Esq.
Florida Bar No.:1017943
Dbujan@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

Filing # 99968320 E-Filed 12/09/2019 08:15:59 AM

## RETURN OF SERVICE

State of Florida   County of BROWARD   Circuit Court

Case Number: CACE-19-024229

Plaintiff:
**ANDREA ARROYO, on behalf of herself and all others similarly situated**

vs.

Defendant:
**NEXUS SERVICES OF VIRGINIA, INC., a foreign corporation**

PPJ2019005058

For:
JASON REMER
Remer & Georges-Pierre, PLLC.
44 West Flagler Street
Suite 2200
Miami, FL 33130

Received by Prestige Process on the 26th day of November, 2019 at 1:43 pm to be served on **NEXUS SERVICES OF VIRGINIA, INC., THROUGH ITS REGISTERED AGENT: INCORP SERVICES, INC, 1788 67TH COURTH NORTH, LOXAHATCHEE, FL 33470.**

I, MARIO CORLETO, do hereby affirm that on the **2nd day of December, 2019 at 10:40 am**, I:

served an **AUTHORIZED** entity by delivering a true copy of the **SUMMONS IN A CIVIL CASE and COMPLAINT** with the date and hour of service endorsed thereon by me, to: **CHRISTINA WILKOF as C.R.S.** at the address of: **1788 67TH COURTH NORTH, LOXAHATCHEE, FL 33470**, who stated they are authorized to accept service for **NEXUS SERVICES OF VIRGINIA, INC., THROUGH ITS REGISTERED AGENT: INCORP SERVICES, INC**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
12/2/2019 10:50 am Attempted service at 1788 67TH COURTH NORTH, LOXAHATCHEE, FL 33470, Christine Wilkof as C.R.S.

**Description** of Person Served: Age: 45, Sex: F, Race/Skin Color: White, Height: 5'5", Weight: 155, Hair: Red, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under the perjury, I declare that I have read the foregoing document and the facts in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)

MARIO CORLETO
CPS#1055

Prestige Process
P.O Box 613634
Miami, FL 33261
(305) 490-4346

Our Job Serial Number: PPJ-2019005058

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1g

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 12/09/2019 08:15:59 AM.****

Filing # 99292716 E-Filed 11/21/2019 07:09:12 PM

Case Number: CACE-19-024229 Division: 25

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I. CASE STYLE

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

Case No.: _____
Judge: _____

Andrea Arroyo
Plaintiff

vs.

Nexus Services of Virginia, Inc.
Defendant

## II. TYPE OF CASE

- ☐ Condominium
- ☒ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 11/21/2019 07:09:11 PM.****

Filing # 99357584 E-Filed 11/22/2019 04:54:37 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

ANDREA ARROYO,

CASE NO.: CACE-19-024229

Plaintiff,

vs.

NEXUS SERVICES OF VIRGINIA,
INC., a foreign corporation

Defendant,

_____/

## SUMMONS IN A CIVIL CASE

**TO:** NEXUS SERVICES OF VIRGINIA, INC., through its Registered Agent:

INCORP SERVICES, INC.
17888 67TH COURTH NORTH
LOXAHATCHEE, FL 33470

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

PETER M. HOOGERWOERD.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE NOV 26 2019

(BY) DEPUTY CLERK

BRENDA D. FORMAN

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 11/22/2019 04:54:35 PM.****